Barnard, P. J.
The defendant m inc year 1885, ootamed by fraud $14,481.40, from the plaintiff in this way: He had a business in New York; it was insolvent and paid nothing, he represented to the plaintiff that if she would advance this money to her son he should be taken in as a partner in the proportion of three-fourths to defendant and one-fourth to the son. The son was entirely ignorant of the business as well as his mother. In addition to the money obtained, the son was induced by the same fraud to give $18,000 in notes, made payable in different sums to the new partnership. The first one was for $5,000, and due about June, 1886. The defendant then, by the same fraudulent representations, induced the plaintiff to convey the lands described in the complaint to her son, for the express purpose of being transferred by the son to the defendant Searing individually, in payment of the note for $5,000. This was done, and this action is brought to cancel these deeds and compel a re-conveyance by Searing to the plaintiff of the same. The first objection that the son should be plaintiff *562 instead of one of the defendants, does not seem to rest om good ground. He is a party and will be bound by the judgment whether he is plaintiff or defendant. He is also a partner of Searing and as such is a proper defendant in proceedings which relate to the partnership. He is bound by the frauds of his co-partner committed after the partnership was formed, even if he was himself blameless, if the partnership received the avails of the fraud.
' The point that there is more than one cause of action, seems to be equally without merit. Whatever allegations the complaint contains are all directed to and end in the-result, namely, obtaining the deed by fraud in June, 1886. The sole cause of action is the recovering back of the land, obtained by fraud from the plaintiff. The remaining objection belongs to the same class. No cause of action is. stated against Searing, because the son of the plaintiff was< guilty of no fraud. It was to benefit the son that all these-falsehoods were practiced upon the mother. It was to introduce him to an established and paying business that: she advanced her money; both mother and son were defrauded, and then the defendant who reaped the benefit, and got the deed without consideration by fraud and evil practice is to keep it.
We deem the law to be otherwise. If the complaint is proven, the plaintiff has a good cause of action to recover back the deed to the land held by the defendant Searing.
The judgment should therefore be affirmed, with costs..
Dykman, J., concurs; Pratt, J., not sitting.